## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**RACHAEL L. COOK,**

                    **Plaintiff,**      **:**

          **v.**

**THE OHIO COMPANY,**          **:**

                   **Defendant.**

              **Case Nos. 2:21mc17**
                           **2:21mc19**
                           **2:22mc4**
      **Judge Sarah D. Morrison**

## <u>ORDER</u>

This matter is before the Court on Plaintiff Rachael L. Cook's Motions for Execution of Judgment (ECF No. 2 in 2:21mc17 and ECF No. 2 in 2:21mc19) and her Foreign Judgment Registration Request (ECF No. 1 in 2:22mc4).

### I.    Motions for Execution of Judgment

The Court interprets Ms. Cook's Motions as requests for writs of execution. The Federal Rules of Civil Procedure provide that money judgments are enforced by a writ of execution, the process for which is governed by the procedure of the state where the court is located, except to the extent that a federal statute applies, in which case the federal statute governs. Fed.R.Civ.P. 69(a)(1). Ohio law provides for the issuance of a writ of execution as follows:

> When a judgment creditor files a praecipe for a writ of execution with a clerk of [court] [...], the clerk shall issue a writ of execution to the levying officer and cause a notice and a hearing request form to be served upon the judgment debtor. The court, in accordance with division (E) of this section, shall appoint a levying officer who shall immediately and simultaneously execute the writ of execution and serve the notice and the hearing request form upon the judgment debtor.

Ohio Rev. Code § 2329.091(A). The statute then sets forth the substance of the

notice and additional requirements for the notice. Then, among other things, under Ohio Rev. Code § 2329.091(D), a judgment debtor is entitled to a hearing if he returns the hearing request form within the period set forth in the statute.

According to her Motions, Ms. Cook is seeking to enforce a judgment against the Ohio Company issued in the Western District of Virginia, but she seeks a writ of execution against "one John Richard Blazer." Her Motion also references awards in her favor "by Judge Mary Ann Whipple … [and] by Judge Michael Watson" but provides no information regarding actual judgments; it does not appear that either Judge Whipple or Judge Watson presided over the case in the Western District of Virginia.

Because of these inconsistencies, among other reasons, the Motions for Execution of Judgment are **DENIED**.

## II.     Foreign Judgment Registration Request

In case number 2:22mc4, Ms. Cook asks the Clerk to register the attached Exemplified Judgment from the Western District of Virginia. (ECF No. 1). However, her attachment is incomplete. (*Id.*) Accordingly, the Court cannot register the Foreign Judgment issued by the Western District of Virginia in the matter of *Rachael L. Cook v. The Ohio Co.*, Case No. 7:15cv00456. Ms. Cook's request is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

2